UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL P. MCKINNEY,

       Plaintiff,                            Civil Action 2:15-cv-2043
v.                                         Judge Algenon L. Marbley
                                              Magistrate Judge Elizabeth P. Deavers

GOVERNOR JOHN R. KASICH, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

This is a civil rights action in which Plaintiff, Daniel P. McKinney, an Ohio inmate who is proceeding without the assistance of counsel, alleges that Defendants[1] were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  This matter is before the Court for consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for Preliminary Injunction") (ECF No. 10), Defendants' Responses in Opposition (ECF Nos. 15, 16), and Plaintiff's Reply (ECF No. 24.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

---

[1]Plaintiff brings this action against Governor John R. Kasich, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC") Gary Mohr, former Chief Inspector of ODRC Gary Croft, Chief Inspector of the ODRC Roger Wilson, former ODRC Health Care Administrator Cindy Lawson, Director of The Ohio State University Medical Center ("OSUMC") Jane/John Doe, former ODRC Health Care Administrator Kristine Edwards, Institutional Inspector of Allen/Oakwood Correctional Institution ("AOCI") Joanna Factor, Thomas Chai-I Lin, M.D., Dr. Perez, M.D., Assistant Health Care Administrator D. Rable, Stephen Payne, M.D., and Anne Berry Strait.

**I.**

Plaintiff has been in the custody of the ODRC since May 20, 2004. Plaintiff is currently housed at AOCI. He was previously housed at Lebanon Correctional Institution ("LCI"). Plaintiff filed his Complaint on May 19, 2015, alleging that he was denied adequate medical treatment in violation of the Eighth Amendment while housed at both correctional institutions.

According to Plaintiff's Complaint, on May 20, 2004, May 27, 2004, and June 1, 2004, the LCI medical staff, under the supervision of Defendant Cindy Lawson, examined his left knee injury.[2] Plaintiff asserts that he was prescribed 500 milligrams of Naprosyn and that the LCI medical staff "failed to conduct responsive diagnosis and medical treatment inclusive of an effective magnetic resonance imaging ("MRI") examination, a CT scan examination, an arthroscopic examination, an MR arthrogram examination, nor schedule Plaintiff for examination by a qualified orthopedic surgeon/specialist." (Pl.'s Compl. ¶ 17, ECF No. 3.)

On May 30, 2009, while incarcerated at AOCI, Plaintiff alleges that he was seen by medical staff regarding a shoulder injury. He further alleges that he was seen again on December 27, 2012 regarding his left knee injury. He submits that on both occasions, AOCI medical staff failed to do proper testing or refer him to an orthopedic surgeon/specialist.

---

[2]Plaintiff asserts that he developed his left knee injury as a result of an automobile collision that occurred in June 2003.

Plaintiff asserts that on February 12, 2014, his left knee gave out and he slipped and fell on ice. Following the injury, Plaintiff was examined by an infirmary nurse and AOCI's attending physician, Defendant Dr. Lin. Dr. Lin informed Plaintiff that he had arthritis. Plaintiff alleges that Dr. Lin failed to conduct appropriate testing or refer him to an appropriate specialist. Plaintiff also submits that while Dr. Lin is licensed to practice medicine in Ohio, he is unqualified to practice orthopedics.

On March 14, 2014, Plaintiff submitted a Health Service Request form to receive further medical treatment for his left knee. Plaintiff alleges that he did not receive a response to the initial request and that he submitted a second request on March 24, 2014. On March 26, 2014, Dr. Lin treated him again. Dr. Lin prescribed Ibuprofen, exercise, and rest. Plaintiff alleges that Dr. Lin did not provide him with adequate care for the following reasons:

> [Dr. Lin] refused to make arrangements to have the fluid drained from Plaintiff's left knee, failed to conduct responsive diagnosis and medical treatment inclusive of an effective magnetic resonance imaging ("MRI") examination, a CT scan examination, an arthroscopic examination, an MR arthrogram examination, nor schedule Plaintiff for examination by a qualified orthopedic surgeon/specialist. Dr. Lin stated that due to Plaintiff being over the age of forty (40) and the costs associated with the overcrowded conditions of ODRC prisons, ODRC adheres to the policy of restricting ODRC prisoners of Plaintiff's age class (i.e. over 40) from specialized medical diagnosis and corrective surgical treatment for musculoskeletal injuries similar to Plaintiff's knee and shoulder injuries.

(Pl.'s Compl. ¶ 25, ECF No. 3.) Plaintiff alleges that Dr. Perez also informed him that inmates in his age class are not eligible for specialized medical treatment or corrective surgical treatment for musculoskeletal injuries similar to Plaintiff's.

According to Plaintiff, his left knee gave out again on May 16, 2014, causing him to fall and resulting in injuries to his arm, shoulder, and head. He alleges that he submitted a Health Services Request on that day, stating that his left knee continued to give out, and that he

experienced dislocation of his knee, swelling, pain, and suffering.  Plaintiff asserts that, to date, he has not received a response to his May 16, 2014 Health Services Request or adequate treatment for his left knee injury.

Plaintiff alleges that Defendants Lin, Perez, Lawson, Edwards, Payne, Rables, and Jane/John Doe OSUMC Director were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  He alleges that they did not complete proper testing and that they conspired to deprive him immediate responsive surgical repair, follow-up examination, treatment, and physical therapy for his knee and shoulder injuries.  Plaintiff claims that his "present diagnosis of osteoarthritis is the proximate result of the deliberate indifference of Defendants to conduct responsive medical treatment for Plaintiff's left knee injury."  (Pl.'s Compl. ¶ 34, ECF No. 3.)  Plaintiff alleges that he did not experience pain, suffering, restricted mobility, or diagnosis for osteoarthritis prior to his request that ODRC medical staff treat his knee.

Plaintiff also asserts claims against Defendants Governor Kasich, Director Mohr, Chief Inspector Wilson, Croft, Payne, Strait, and Factor for refusing to "rectify the known pattern of deliberate indifference to Plaintiff's serious medical needs . . ." and for conspiring to deny him adequate treatment.  (Pl.'s Compl. 10, ECF No. 3.)  He further asserts that Defendants conspired to "deprive Plaintiff and [ODRC inmates] of Plaintiff's class- being indigent and over forty (40) years of age requiring immediate and responsive medical treatment for serious medical injuries/needs- from the equal protection, civil rights, privileges and immunities under the laws of the United States Constitution."  *Id.*

4

Finally, Plaintiff alleges that on January 18, 2015, Defendants Strait and Payne conspired to deny him adequate treatment. Plaintiff alleges that Defendant Strait falsified documentation stating that Defendant Payne was qualified to assess Plaintiff's injuries. Plaintiff asserts that as a result of Defendants Strait's and Payne's misrepresentation, ODRC and OSUMC Defendants refused to transport Plaintiff to OSUMC for specialized medical treatment of his left knee and shoulder injuries.

On July 10, 2015, Plaintiff filed the subject Motion for Preliminary Injunction. In his Motion, Plaintiff alleges that Defendants have retaliated against him for filing the instant civil rights action. He alleges that AOCI staff have "willfully obstructed Plaintiff's meaningful access to the courts, destroying Plaintiff's legal documentation related to this cause of action, denying Plaintiff access to the law library, and threatening Plaintiff with segregation and transfer to a different higher level security prison." (Pl.'s Mot. for TRO and Prelim. Inj. 1, ECF No. 10.)

## II.

A district court is vested with discretion to determine whether to issue a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Thus, "'[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). Put another way, "[a] court may not grant a preliminary injunction when the issues raised in the motion are

entirely different from those raised in the complaint." *Frost v. Stalnaker,* No. 1:09–cv–662, 2009 WL 3873666, at *2 (S.D. Ohio Nov. 18, 2009) (citations omitted).

### III.

The Undersigned recommends denial of Plaintiff's preliminary injunction motion because the relief he seeks and the bases for that relief are unrelated to the allegations in his Complaint. As a preliminary matter, the Undersigned notes that both Plaintiff and Defendants filed briefing regarding the merits of the claims contained in Plaintiff's Complaint in asserting their positions regarding whether Plaintiff's Motion for Preliminary Injunction should be granted. Nonetheless, because Plaintiff's Motion for Preliminary Injunction involves claims wholly unrelated to the original Complaint, it is not necessary to discuss the merits of Plaintiff's Complaint in addressing the subject Motion.

In the instant case, Plaintiff's request for a preliminary injunction is premised upon new allegations of unconstitutional retaliation for filing this action. In addition, Plaintiff's Motion involves "AOCI Staff Members," some of whom do not appear to be named as defendants in his Complaint. These new claims fail to provide a sufficient basis for granting injunctive relief in this lawsuit. *See Colvin*, 605 F.3d at 300 (finding that inmate "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"). The Court therefore may not grant Plaintiff's Motion because it raises issues that are entirely different than those raised in his Complaint. For these reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**. (ECF No. 10.)

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 19, 2015                         /s/ *Elizabeth A. Preston Deavers*
                                              Elizabeth A. Preston Deavers
                                              United States Magistrate Judge