UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL P. MCKINNEY,**

  **Plaintiff,**

 v.             Civil Action 2:15-cv-2043
                Judge Algenon L. Marbley
                Magistrate Judge Elizabeth P. Deavers

**GOVERNOR JOHN R. KASICH, et al.,**

  **Defendants.**

## ORDER and

## REPORT AND RECOMMENDATION

  Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Correction, brings this prisoner civil rights action under 42 U.S.C. § 1983 and Ohio state tort law. (ECF No. 3.) This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  The Undersigned finds that Plaintiff's claims against Defendant Cindy Lawson in her official capacity are not cognizable under 42 U.S.C. § 1983 and therefore **RECOMMENDS** that the Court **DISMISS** those claims. The Undersigned also finds that the complaint fails to state a claim for which relief can be granted with respect to Plaintiff's claims against Defendant Lawson in her individual capacity under 42 U.S.C. § 1983 and therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against her under those provisions. The Undersigned further finds

that Plaintiff's claims against Defendant Lawson under Ohio state tort law are not cognizable and therefore **RECOMMENDS** that the Court **DISMISS** those claims.

## I.

According to the Complaint, in 2004 Defendants began providing medical care to Plaintiff for a knee injury arising from a June 2003 automobile accident. (ECF No. 3 at 5.) Plaintiff states that ODRC staff at the Lebanon Correctional Institution provided him with prescription medication but no further diagnostic examination or medical treatment. (*Id*.) Plaintiff further states that he provided Defendant Lawson with the results of a previous MRI examination showing structural damage to his knee that resulted from the 2003 accident. (*Id*.) According to Plaintiff, Defendant Lawson refused to include the MRI results in his medical file and failed to approve certain follow-up procedures and diagnostic tests. (ECF No. 3 at 6.) Plaintiff claims that Defendant Lawson's actions caused or contributed to subsequent injuries and medical complications. (ECF No. 3 at 6-9.) He previously filed a medical malpractice action regarding these claims in the Ohio Court of Claims. *Mckinney v. Ohio Dep't. of Rehab. & Corr.*, No. 2014-00571 (Ohio Ct. Cl. Mar. 16, 2015).

Plaintiff alleges Defendant's "conspiring in the failure to provide for immediate and responsive" medical care constitutes cruel and unusual punishment under the Eighth Amendment and violates Plaintiff's Equal Protection rights and, therefore, violate 42 U.S.C. § 1983 and state tort laws. (ECF No. 3 at 2, 10.) Plaintiff also alleges that Defendant's "pattern of deliberate indifference to Plaintiff's serious medical needs" constitutes cruel and unusual punishment under the Eighth Amendment and, therefore, also violates 42 U.S.C. § 1983 and state tort laws. (*Id*.) Plaintiff seeks $1.25 million jointly and severally against Defendant and six others for their alleged deliberate indifference. (ECF No. 3 at. 11.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

**A. Plaintiff's Claims Barred by the Rooker-Feldman Doctrine**

The Rooker–Feldman doctrine is designed "to prevent the encroachment of federal courts into the business of the state judicial systems." *Immel v. Lumpkin*, No. 2:07-CV-1214, 2009 WL

2255225 at *2 (S.D. Ohio July 27, 2009).  It protects the state judicial systems by recognizing that the "independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the same issues." *Squirek v. Law Offices of Sessoms & Rogers, P.A.*, 2003 WL 21026580 (M.D. N.C. May 5, 2003) (quoting *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000)).  Therefore, if a plaintiff cannot succeed on a federal claim without requiring a district court to re-examine issues already decided by a state court, the district court cannot exercise subject matter jurisdiction.  *Immel*, 2009 WL 2255225 at *2.

Whether the Rooker–Feldman doctrine applies involves a two-part inquiry.  First, the Court considers whether the federal claim is "inextricably intertwined" with the claim asserted in the earlier state court action.  *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003).  A claim is "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  *Id*. at 756 (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).  Second, the Court considers "whether the federal claim is a 'general challenge to the constitutionality of the state law applied in the state action,' to which the Rooker–Feldman doctrine would not apply, or 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case,' that would raise a Rooker–Feldman bar."  *Id*.

In reviewing Plaintiff's Complaint, the Undersigned finds that Plaintiff's federal claims are inextricably intertwined with the medical malpractice claims he asserted in an earlier Ohio Court of Claims proceeding.  Plaintiff's Complaint arises from the same events that formed the

5

subject matter of his state court case. His action in this Court essentially seeks to overturn the state court's finding that "the diagnosis, care, and treatment rendered to plaintiff by defendant's medical professionals complied with the applicable standards of care." *Mckinney v. Ohio Dep't. of Rehab. & Corr.*, No. 2014-00571 (Ohio Ct. Cl. Mar. 16, 2015). To meet Plaintiff's demand, the Court would be required to conduct a direct review of the state proceedings. The relief sought by Plaintiff against Defendant is, therefore, clearly barred by the Rooker–Feldman doctrine. Accordingly, the Undersigned finds that the Rooker–Feldman doctrine prohibits this Court from exercising jurisdiction over Plaintiff's claims against Defendant. Even if the Rooker-Feldman doctrine did not control, however, Plaintiff's claims would still fail, on other grounds, as a matter of law.

**B. Plaintiff's § 1983 Claims**

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross

negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

### 1. Claims against Defendant in her Official Capacity

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claims against Defendant in her official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's § 1983 claims against Defendant in her official capacity, therefore, is not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

### 2. Eighth Amendment Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first show facts which establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.

*Id*. at 9.  A plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind.  *Id*.  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A prisoner states an Eighth Amendment claim where he is denied some element of civilized human existence due to deliberate indifference or wantonness.  *Wilson*, 501 U.S. at 298; *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).  "In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere frustration or annoyance."  *Id*. (citing *Hudson*, 503 U.S. at 9–10).  Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983.  *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976).  Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Byrd v. Wilson*, 701 F.2d 592, 595 n. 2 (6th Cir. 1983); *Westlake*, 537 F.2d at 860–61 n.5.  Furthermore, "[w]here a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citing *Westlake*, 537 F.2d at 860 n.5).

Plaintiff asserts violations of the Eighth Amendment to the Constitution arising from Defendant's failure to place Plaintiff's prior medical records in his file, provide certain diagnostic procedures, and approve certain medical treatment in addition to the treatment

actually received. The essence of Plaintiff's claim, then, is that Defendant Lawson provided him with inadequate medical care and was negligent in her duties. Even assuming that his allegations are true, therefore, the Undersigned finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted against Defendant Lawson.

**B. Plaintiff's Claims under 42 U.S.C. § 1985(3) and § 1986**

42 U.S.C. § 1985(3) provides in relevant part that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

During Reconstruction, Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others "of rights secured by the law to all." *Griffin v. Breckenridge,* 403 U.S. 88, 101 (1971). "A plaintiff makes out a valid cause of action under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen." *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir. 1991). In order to plead a conspiracy under § 1985(3), Plaintiff must allege facts that, if true, would show that Defendants either acted in concert or in furtherance of a common objective to injure him. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Conspiracy claims must

9

be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by materials facts are not sufficient to state a conspiracy claim. *Id.* Section 1986 creates a cause of action for a knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights. 42 U.S.C. § 1986. Any defendants with knowledge of a §1985(3) conspiracy who, through negligence, fail to prevent the discriminatory acts can be liable under § 1986.[1]

In his Complaint, Plaintiff asserts that Defendant's conduct, in conjunction with that of other Defendants, in failing to include prior records in his medical file, provide certain diagnostic procedures, and approve certain medical treatment amounts to a "conspiracy to deprive Plaintiff and Ohio Department of Rehabilitation and Corrections . . . prison inmates of Plaintiff's class—being indigent and over forty (40) years of age requiring immediate and responsive medical treatment for serious medical injuries/needs—from the equal protection, civil rights, privileges and immunities under the laws of the United States Constitution." (ECF No. 3 at 10.) Plaintiff, however, offers nothing more than the conclusory allegation that Defendant acted in concert with the others. Plaintiff fails to make sufficient factual allegations to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights. The Undersigned, therefore, find that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Lawson under 42 U.S.C. § 1985. Moreover,

---

[1] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

to the extent Plaintiff intended to assert a claim under § 1986, this claim likewise fails because he has not pled facts which demonstrate a conspiracy.

**C. Defendant's Immunity from State Law Claims**

The Court is not in a position to determine whether Defendant is immune from Plaintiff's unspecified state law tort claims. Until the Ohio Court of Claims determines that she is not immune, however, Plaintiff's claims are not cognizable. With respect to a state law tort claim, a federal court sits as a court of the forum state and is bound to apply its substantive law. *Guaranty Trust Co. v. York,* 326 U.S. 99, 108–09 (1945). The Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). Prior to the Court of Claims' determination, then, there is no claim under Ohio law upon which relief can be granted against Defendant in her individual capacity. The only cognizable claims, at least initially, lie against the State of Ohio in the Court of Claims. *Id.* (citing Ohio Rev. Code Ann. § 2743.02(F)). Accordingly, the Undersigned finds that the Court cannot exercise jurisdiction over Plaintiff's state law tort claims until such time as a cause of action against Defendant is recognized under Ohio law.

**IV.**

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Lawson in her official capacity be **DISMISSED** as not cognizable under 42 U.S.C. § 1983. The Undersigned also **RECOMMENDS** that Plaintiff's claims against Defendant Lawson in her individual capacity under 42 U.S.C. § 1983 be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The

Undersigned further **RECOMMENDS** that Plaintiff's claims against Defendant Lawson under state tort law be **DISMISSED** as not cognizable under Ohio law.  Given this recommended disposition, the Undersigned hereby **VACATES** the October 16, 2015 Report and Recommendation (ECF No. 34), which recommended dismissal of Defendant Lawson for failure to effectuate service under Federal Rule of Civil Procedure 4(m).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

**IT IS SO ORDERED.**

Date:  November 24, 2015    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE